UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID FRYE, TRUSTEE, and | ) | |
| INDIANA LABORERS PENSION | ) | |
| FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:13-cv-00962-TWP-DML |
| | ) | |
| vs. | ) | |
| | ) | |
| YOUNGS EXCAVATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Report and Recommendation on
Plaintiffs' Motion for Award of Attorneys' Fees

On September 30, 2015, the court granted summary judgment in favor of the plaintiffs, Indiana Laborers Pension Fund and its trustee (together, the "Fund"), finding that defendant Youngs Excavating, Inc. owes the Fund $138,363.00 for unpaid withdrawal liability plus $15,889.00 in interest. The court's September 30 Order stated that if the Fund intended to seek recovery of other monetary relief available under 29 U.S.C. § 1132(g)(2), including reasonable attorneys' fees and costs, it was required to file an accounting of these additional amounts within 30 days. The court suspended the entry of a final judgment to permit the Fund to file such an accounting.  *See* Dkt. 35.  On December 1, 2015, after no filing had been made, the court entered Final Judgment for $138,363.00 in withdrawal liability plus $15,889.00 in interest, and stated that because the Fund had not filed "an

accounting for the additional components allowable under statute," they "are not awarded to Plaintiffs." (Dkt. 36).

On December 9, 2015, the Fund filed its motion for an award of attorneys' fees, seeking an award of fees and costs in the amount of $9,312.00. The defendant opposes the motion on the ground the Fund forfeited its right to an award of fees because the Fund did not timely move for an award by the deadline established by the court in its September 30, 2015 Order.

The court finds that the Fund has demonstrated excusable neglect in its failure to file a motion for fees within the deadline under the September 30 Order. The Fund has filed affidavits of its lawyer and the lawyer's legal assistant, attesting that they were not aware of the court's September 30 Order until they received the court's December 1 Final Judgment. They believe the September 30 Order was not emailed to them through the court's electronic filing system because the Order does not exist within the email file protocol they regularly use for the receipt and tracking of all electronic case filings. The court's records show the Order was emailed to the lawyer and his legal assistant, but it is conceivable there was some glitch within the law firm's own computer system (or perhaps the court's system). Perhaps the only glitch was a human error in handling the receipt of the Order within the law firm. Whichever scenario may have occurred, the court is convinced the Fund was not *actually* aware, even if constructively so, of the September 30

Order until the lawyer's and legal assistant's receipt of the December 1 Final Judgment.[1]

The defendant is not prejudiced by the Fund's relatively short period of delay (the period between October 30 and December 9) in filing its motion for fees. The defendant does not contend that the delay hampered its ability to respond on the merits in any way.

Further, the Fund filed its motion for fees within 14 days of the entry of the December 1 Final Judgment. Rule 54(d)(2) prescribes that 14-day period for filing a motion for fees, in the absence of a contrary time frame provided by a court order or by statute. Thus, the Fund's motion would have been timely but for the September 30 Order, which the Fund did not become actually aware of until December 1.

Under all of these circumstances, the court overrules the defendant's timeliness objection to the Fund' motion.

On the merits, the court finds the Fund has properly substantiated its fee request. The relevant ERISA statute, 29 U.S.C. § 1132(g)(2)(d), provides: "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the

---

[1] The court is not convinced that the rationale of the cases cited by the defendant—for the proposition a lawyer's neglect to learn of a court order is never excusable—is applicable under all the circumstances here. The court's electronic case filing system is designed to provide immediate notification to counsel. In this case, the Fund's counsel has attested to the existence of a generally reliable system to track court filings and the unexpected breakdown of that system for the September 30 Order. Further, there is no indication the Fund has otherwise engaged in dilatory tactics in this litigation.

court shall award the plan—(D) reasonable attorney's fees and costs of the action, to be paid by the defendant." Reasonable fees are calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *E.g., Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

 The court has reviewed the Fund's lawyer's billing statement and supporting affidavit (*see* Dkt. 37-1) and finds that the hourly rates are reasonable (the rates are not contested by the defendant) and that the work described in the billing statement was reasonably undertaken in the prosecution of the Fund's ERISA claims. Although the defendant complains about the "vagueness" of some billing entries, there is no suggestion the services were not reasonably undertaken for the prosecution of the ERISA claims and any vagueness is substantially eliminated by reading the entries in light of the progress of the litigation as revealed by the docket. The total fees expended in prosecution of the Fund's claims are $8,912.00. That amount is reasonable. The Fund's costs, consisting of the $400 filing fee, are also recoverable. The court recommends an award of fees and costs in the total amount of $9,312.00.

## Conclusion

 Based on the foregoing, the magistrate judge recommends that the district judge GRANT the Fund's motion (Dkt. 37) for an award of attorneys' fees and costs, and enter a judgment for fees and costs in favor of the Fund and against defendant Youngs Excavating, Inc. in the amount of **$9,312.00.**

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: February 16, 2016

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system